IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Howard Chen, #44851-112, ) | C/A No. 8:14-285-TMC-JDA |
|                     Petitioner, ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| Warden, Federal Correctional Institution-Estill, ) | |
|                     Respondent. ) | |

Howard Chen ("Petitioner"), proceeding pro se, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. Petitioner is a prisoner incarcerated at FCI-Estill, in Estill, South Carolina, and he seeks to vacate one count of his federal conviction and a re-sentencing. The Petition is subject to summary dismissal.

Background

Petitioner alleges that on November 29, 2007, he was convicted by a jury in the United States District Court for the Central District of California of eight counts: count one, conspiracy to possess with intent to distribute MDMA in violation of 21 U.S.C. § 846; counts two through six, distribution of MDMA in violation of 21 U.S.C. § 841(a)(1); and counts seven and eight, possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924 (c). [Doc. 1 at 2.] He alleges he received a 408-month sentence on March 17, 2008, based on 48-months for counts one through six to run concurrently, plus a 5-five year minimum mandatory consecutive sentence as to count seven, plus a 25-year minimum mandatory consecutive sentence as to count eight. *Id.* He alleges he filed a direct appeal, and the Ninth Circuit Court of Appeals affirmed his case. *Id.* He alleges he filed a habeas corpus action in the sentencing court pursuant to

28 U.S.C. § 2255, and that court denied it on August 5, 2011, and a certificate of appealability did not issue. *Id.*

This Court takes judicial notice that on November 29, 2007, Petitioner was convicted of all counts as charged in the indictment before the jury in the United States District Court for the Central District of California, and the court sentenced him to 408-months on March 17, 2008. *See United States v. Chen*, No. 2:07-cr-463-JFW-1 (C.D.Cal.), ECF No. 122, 160; *see also Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). The Ninth Circuit Court of Appeals affirmed his case on January 20, 2010. *See* Mandate and Memorandum, *United States v. Chen*, No. 2:07-cr-463-JFW-1 (C.D.Cal. Jan. 10, 2010), ECF No. 222.

On January 14, 2011, Petitioner filed a § 2255 motion to vacate, and the sentencing court denied it on August 5, 2011. *See* Order, *United States v. Chen*, No. 2:07-cr-463-JFW-1 (C.D.Cal. Aug. 5, 2011), ECF No. 245. That court explained that Petitioner had rejected the government's initial plea offer where he would have avoided being charged with two counts under § 924(c). *Id.* at 4–7. Further, it discussed the calculation of the sentence noting that it had departed eight years from the guideline range in recognition of the severity of the two mandatory minimum sentences by imposing a 48-month concurrent sentence on the six drug-related counts, and the majority of the sentence "(30 out of 34 years) was the result of the consecutive mandatory minimum sentences for the two 924(c) counts." *Id.* at 17.

In the instant action, Petitioner alleges that his 5-year consecutive sentence on a § 924(c) count plus an additional 25-year sentence on a second § 924(c) count is unlawful such that this Court should vacate one of the two § 924 (c) convictions and remand to the United States District Court for the Central District of California for re-sentencing. [Doc. 1 at 3, 13.]  He contends that his two convictions of possession of a firearm in furtherance of a drug trafficking crime, § 924(c), violate the Double Jeopardy Clause of the Fifth Amendment because they were wrongfully tied to the same drug trafficking crime where the law requires each § 924(c) count to be tied to a different underlying predicate crime. *Id.* at 3–10.  He also contends that this Court should apply the rule of lenity to interpret § 924(c). *Id.* at 10–13.

## Standard of Review

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district court.  This Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012); *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2012) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).  As a pro se litigant, Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam).  However, even under this less stringent standard, the Petition in this case is subject to summary dismissal.  The requirement of liberal construction does

not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

Petitioner's § 2241 Petition should be dismissed because the savings clause contained in § 2255 does not permit him to bring this action. Generally, a § 2241 habeas petition "'attacks the execution of a sentence rather than its validity,' whereas a § 2255 motion 'attacks the legality of detention.'" *Brown v. Rivera*, No. 9:08-CV-3177-PMD-BM, 2009 WL 960212, at *2 (D.S.C. April 7, 2009) (citation omitted). Petitioner alleges that he is attacking the validity of his conviction related to one count of violating § 924(c) and his sentence, and this type of claim should usually be brought under § 2255 in the sentencing court. *Rice v. Rivera,* 617 F.3d 802 (4th Cir. 2010). Section 2255 does contain a savings clause which permits a district court to consider a § 2241 petition challenging the validity of a petitioner's detention when a § 2255 petition is inadequate or ineffective to test the legality of his detention. *Id.* The Fourth Circuit Court of Appeals held that "§ 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. A contrary rule would effectively nullify the gatekeeping provisions." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (citations omitted). Nonetheless, the Court concluded, "[T]here must exist some circumstance in which resort to § 2241 would be permissible; otherwise, the savings clause itself would be meaningless." *Id.* In one scenario the Fourth Circuit has deemed "§ 2255 inadequate and ineffective to test the legality of a conviction":

> [W]hen: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the

> prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones*, 226 F.3d at 333-34. Notably, the savings clause is not satisfied merely because a petitioner's prior § 2255 motion was unsuccessful or because a petitioner is unable to meet the requirements to file a successive § 2255 motion. *Chisholm v. Pettiford*, No. 6:06-2032-PMD-WMC, 2006 WL 2707320, *2 (D.S.C. Sept. 18, 2006).

In this case, there is no plausible allegation that the savings clause permits Petitioner to bring his claims within the § 2241 Petition. Petitioner does not allege that subsequent to his direct appeal and first § 2255 motion the substantive law changed such that the conduct of which Petitioner was convicted is now deemed not to be criminal. In fact, it appears that the case law he relies on was decided prior to the November 17, 2009, decision on direct appeal, to his filing the § 2255 action on January 14, 2011, and to the sentencing court's denial of the § 2255 motion on August 5, 2011. [Doc. 1 at 3–13.] There is simply no plausible allegation of a pertinent change in the substantive law; instead, Petitioner seems to contend that the sentencing court misconstrued the applicable law and/or wrongfully applied it to his facts. Accordingly, the *In re Jones* savings clause test is not satisfied.

Moreover, to the extent this action is construed such that Petitioner is attacking his sentence, the reach of the savings clause has not been extended to prisoners who challenge only their sentences. *United States v. Poole*, 531 F.3d 263, 267, n.7 (4th Cir. 2008); *Giuliano v. Warden*, C/A No. 6:13-311-MBS-KFM, 2013 WL 2470962, *2 (D.S.C. June 7, 2013).

Recommendation

Accordingly, it is recommended that the § 2241 Petition be dismissed without prejudice and without requiring the Respondent to file an answer or return. **Petitioner's attention is directed to the important notice on the next page.**

                                                                                    s/ Jacquelyn D. Austin
                                                                                    United States Magistrate Judge

February 25, 2014
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).