IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Howard Chen, #44851-112, | ) | |
| | ) | Civil Action No. 8:14-285-TMC |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Warden, Federal Correctional Institution-Estill, | ) | |
| | ) | |
| Respondent. | ) | |

The petitioner is an inmate at FCI-Estill, in Estill, South Carolina, and is seeking habeas corpus relief pursuant to 28 U.S.C. § 2241 to vacate one count of his federal conviction and for a resentencing. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss the petition without prejudice and without requiring the respondent to file an answer or return. (ECF No. 9). The petitioner timely objected to the Report. (ECF No. 12).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In that case, the court reviews the Report only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

The petitioner's request falls properly under 28 U.S.C. § 2255, not § 2241.  *See Brown v. Rivera*, No. 9:08-cv-3177, 2009 WL 960212, at *2 (D.S.C. April 7, 2009) (stating that generally a § 2241 petition "'attacks the execution of a sentence rather than its validity,' whereas a § 2255 motion 'attacks the legality of detention'") (citation omitted).  The petitioner has already filed a § 2255 motion with the court that sentenced him, and that court has denied his motion.  *See United States v. Chen*, No. 2:07-cr-463-JFW-1 (C.D. Cal. Aug. 5, 2011).  Thus, he is procedurally barred from filing his current petition.  However, in his objections, the petitioner contends that the court should construe his petition as advancing a claim of actual innocence regarding one of his § 924(c) convictions and find that it falls within the § 2255 savings clause, in light of the United States Supreme Court's recent holding in *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013).

In *McQuiggin v. Perkins*, the Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations."  *Id.* at 1928.  However, as the Court explained in *Schlup v. Delo*, "a petitioner does not meet the threshold requirement [of pleading a tenable actual innocence claim] unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."  513 U.S. 298, 329 (1995).

In this case, the petition does not set forth any new evidence that would suggest that the petitioner is actually innocent of one of his two § 924(c) charges.  The petitioner does not argue that he did not meet the elements of the charged offense, but that the sentencing court did not apply the law correctly in allowing two separate § 924(c) charges connected to one underlying drug trafficking charge and sentencing him on both of those charges.  The petitioner raised that issue in his § 2255 motion to the sentencing court and the sentencing court has already addressed

and ruled on it. While the court appreciates the petitioner's creative argument, even under the most liberal interpretation, the petition does not assert a viable claim of actual innocence or advance any other argument warranting application of the § 2255 savings clause.

Accordingly, the court adopts the Report (ECF No. 9) and incorporates it herein. It is therefore **ORDERED** that the habeas petition is **DISMISSED** without prejudice and without requiring the respondent to file an answer or return.

In addition, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

March 12, 2014
Anderson, South Carolina